# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSH WISE, et al., | No. CIV S-09-3129-JAM-CMK |
| Plaintiffs, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| WAL-MART STORES, INC., et al., | |
| Defendants. | |
| _____/ | |

        Plaintiffs, who are proceeding pro se, bring this civil action. The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court is also required to screen complaints brought by litigants who have been granted leave to proceed in forma pauperis. See 28 U.S.C. § 1915(e)(2). Under these screening provisions, the court must dismiss a complaint or portion thereof if it: (1) is frivolous or malicious; (2) fails to state a claim upon which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(A), (B) and 1915A(b)(1), (2). Moreover, pursuant to Federal Rule of Civil Procedure 12(h), this court must dismiss an action "[w]henever it appears . . . that the court lacks jurisdiction of the subject matter . . . ." Because plaintiffs, who are not

1  prisoners, have been granted leave to proceed in forma pauperis, the court will screen the
2  complaint pursuant to § 1915(e)(2).  Pursuant to Rule 12(h), the court will also consider as a
3  threshold matter whether it has subject-matter jurisdiction.
4        Defendants name Wall-Mart Stores, Inc., the law firm Porter Scott, and various
5  individuals.  No defendant is alleged to be a government agency or employee.  Plaintiff Vincent
6  Quareshima claims that various employees of Wal-Mart assaulted him and filed false
7  declarations which resulted in issuance of a restraining order.  Plaintiff Josh Wise claims he was
8  subject to retaliation by attorneys with the Porter Scott firm.  Plaintiff lists one "Cause of Action"
9  for "the Tort of Personal Injury" and seek monetary damages as well as "revocation of the
10 Restraining Order and expunge all records of such Restraining order. . . ."
11       The court finds that it lacks subject matter jurisdiction.  Plaintiffs have not alleged
12 complete diversity of citizenship or the necessary amount in controversy in order to invoke this
13 court's diversity subject matter jurisdiction.  Nor have plaintiffs alleged violation of any federal
14 constitutional or statutory rights in order to invoke this court's federal question subject matter
15 jurisdiction.  While plaintiffs mention violation of their civil rights, none of the named
16 defendants are alleged to be state actors.  Plaintiffs' claims sound in the state law of torts.
17 Plaintiffs indicate as much by listing as their sole "Cause of Action" the "Tort of Personal
18 Injury."  Because diversity jurisdiction does not exist for this action and because no federal
19 question has been alleged, the court cannot entertain state law claims.  This action should be
20 dismissed without prejudice to filing an appropriate action in state court.
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /

1       Based on the foregoing, the undersigned recommends that this action should be dismissed without prejudice.

      These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 20 days after being served with these findings and recommendations, any party may file written objections with the court.  The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED:  November 18, 2009

                                                    /s/ Craig M. Kellison  
                                                  **CRAIG M. KELLISON**  
                                                  UNITED STATES MAGISTRATE JUDGE